IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BFF II PTE. LTD,**<br>**SIDE DOOR VENTURES, LP,**<br>**SDV OPPORTUNITY FUND II, and**<br>**SDV FOLLOW 1G,**<br>         **Plaintiffs,**<br><br>         **v.**<br><br>**MATTHEW ROSEN,**<br>         **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO.  24-1228** |

**MEMORANDUM**

**HODGE, J.**                                                    **January 7, 2025**

## I.       INTRODUCTION

Before the Court are Defendant Matthew Rosen's ("Defendant") Motion to Dismiss

Plaintiffs' Amended Complaint (the "Motion to Dismiss") (ECF No. 13), Plaintiffs BFF II PTE.

LTD., SDV Follow 1G, SDV Opportunity Fund II, and Side Door Ventures, LP's ("Plaintiffs")

Motion (A) Requesting the Court to Determine Defendant's Motion to Dismiss was Mooted by

the Second Amended Complaint; or (B) For Authority to File a Response to the Motion to

Dismiss (the "Motion for Determination") (ECF No. 17), and Plaintiffs' Motion Requesting

Retroactive Authority to File Second Amended Complaint to the Extent Authorization is Needed

Under Rule 15 (the "Motion for Retroactive Leave to Amend") (ECF No. 21). For the reasons

that follow, Defendant's Motion to Dismiss (ECF No. 13) is denied as moot, Plaintiffs' Motion

for Determination and Motion for Retroactive Leave to Amend (ECF Nos. 17, 21) are granted,

and Plaintiffs' Second Amended Complaint (ECF No. 15), is deemed properly filed.

## II.    BACKGROUND[1]

Plaintiffs initiated this action by filing a Complaint with this Court on March 22, 2024. (ECF No. 1.) Plaintiffs filed an Amended Complaint on April 3, 2024. (ECF No. 7.) On April 26, 2024, Defendant filed his first Motion to Dismiss. (ECF No. 13.) Rather than file a brief in opposition, Plaintiffs filed a Second Amended Complaint on May 10, 2024. (ECF No. 15.) On May 23, 2024, Plaintiffs filed their Motion for Determination. (ECF No. 17.) The following day, Defendant filed a Motion to Dismiss Plaintiffs' Second Amended Complaint alleging, among other arguments, that "Plaintiffs did not oppose Defendant's Motion to Dismiss their Amended Complaint," and "[i]nstead, without seeking appropriate leave of this Court, Plaintiffs filed a Second Amended Complaint." (ECF No. 18-1 at 8.) Defendant set forth similar arguments in his opposition to Plaintiffs' Motion for Determination, which he filed on June 6, 2024. (*See generally* ECF No. 19.) Plaintiffs then filed their Motion for Retroactive Leave to Amend, which Defendant opposes. (ECF Nos. 21. 23.)

## III.    DISCUSSION

The Court first considers Plaintiffs' Motion for Retroactive Leave to Amend, and Defendant's opposition to the same. (ECF Nos. 21, 23.) Federal Rule of Civil Procedure 15(a) unambiguously provides:

> (a)(1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (3), or (f) whichever is earlier.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

(2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15 (emphasis added). Although Rule 15 allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where there is (1) undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

Plaintiffs rely upon *Deeley v. Genesis Healthcare Corp.*, No. 10-1242, 2010 WL 3239352, at *1–3 (E.D. Pa. Aug. 16, 2010), in support of their argument that their Second Amended Complaint should be deemed properly filed. (ECF No. 21 at 3.) In *Deeley*, this Court held that there are two reasonable interpretations of Rule 15: "(1) a party only has one opportunity to amend its pleading as a matter of course, or (2) each time a party files a pleading, including an amended complaint, it has a new opportunity to amend that pleading as a matter of course." *Deeley*, 2010 WL 3239352, at *2. Plaintiffs also argue that "to the extent that only one amendment is permitted under the rule without leave of court," the Court may grant Plaintiffs retroactive authority to file the Second Amended Complaint. (ECF No. 21 at 3 (citing *Deeley*, 2010 WL 3239352, at *2–3).)

The Third Circuit has interpreted Rule 15(a) to mean that "[a]fter amending once . . . the plaintiff may amend only with leave of court or the written consent of the opposing party." *See Deeley*, 2010 WL 3239352, at *2 (quoting *Fauver v. Shane*, 213 F.3d 113, 115 (3d Cir. 2000) (internal citations omitted).) In applying Rule 15(a) in accordance with the Third Circuit's ruling in *Fauver*, the Court finds that Plaintiffs' Second Amended Complaint was improperly filed because Plaintiffs failed to obtain leave of Court or consent of Defendant prior to filing as required under Rule 15(a). *See Fauver*, 213 F.3d at 115; *Nutt v. Best Western Int'l*, No. 16-0002,

3

2016 WL 4903535, at *2 (M.D. Pa. Sept. 15, 2016). However, Plaintiffs' failure to obtain leave

of Court or consent of Defendant does not preclude this Court from accepting their Second

Amended Complaint. *See Nutt*, 2016 WL 4903535, at *2 (citing *Deeley*, 2010 WL 3239352, at

2–4; *Lehman v. Diamond Dev. Co.*, No. 10-197, 2010 WL 2265876 (M.D. Pa. June 2, 2010)

(granting plaintiff leave to re-file second amended complaint)).

In *Deeley*, the plaintiff filed a second amended complaint without first obtaining

defendants' consent or leave of court, and defendants responded by filing a motion to strike.

*Deeley*, 2010 WL 3239352, at *1. The plaintiff subsequently sought retroactive consent by

defendants and leave of court to file the second amended complaint. *Id.* The *Deeley* Court

granted plaintiff's leave to file his second amended complaint, finding that plaintiff's filing "did

not appear to be motivated by some improper purpose such as purposeful delay, or bad faith" or

appear to be futile on its face. *Id.* at *3.

Taking these factors into consideration, this Court does not find Plaintiffs' Second

Amended Complaint to be motivated by improper purpose or futile on its face. *See Nutt*, 2016

WL 4903535, at *2. Plaintiffs' assert that the Second Amended Complaint "was filed to address

the issues raised by Defendant[ ] in the motion to dismiss the original complaint including the

addition of [Plaintiffs SDV Opportunity and SDV Follow] because of Defendant's real party in

interest argument." (ECF No. 21 at 4.) Moreover, Plaintiffs note that the Second Amended

Complaint contains "additional factual allegations to address the issues raised by Defendant

concerning the sufficiency of the [Amended Complaint]." (*Id.*) The Court finds that these

amendments were motivated by the proper purpose of addressing deficiencies raised in

Defendant's Motion to Dismiss. Further, the Court does not find that Defendant will be

4

prejudiced by the granting of Plaintiffs' Motion for Retroactive Leave to Amend, as Defendant

has already filed a Motion to Dismiss Plaintiffs' Second Amended Complaint.

## IV.    CONCLUSION

Accordingly, Plaintiffs' Motion for Determination and Motion for Retroactive Leave to

Amend (ECF Nos. 17, 21) is granted, and Plaintiffs' Second Amended Complaint (ECF No. 15),

is deemed properly filed. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (ECF

No. 13) is denied as moot. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**